UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIC GRAY, et al.,                        )
                                          )
                  Plaintiffs,             )
                                          )
        v.                                )        No.   4:25 CV 646 CDP
                                          )
DAVID RICE, et al.,                       )
                                          )
                  Defendants.             )

## MEMORANDUM AND ORDER

This prisoner civil rights case is before the Court upon review of the
record.   The matter was recently transferred to me from a United States
Magistrate Judge upon the filing of plaintiffs' motion for default judgment
against defendants David Rice and Justin Conway, as the magistrate judge did
not have full consent from all the parties as required under 28 U.S.C. § 636(c)
for him to enter judgment in the case.   Plaintiffs are represented by retained
counsel.

There are several procedural deficiencies in the case that prevent the entry
of default judgment as plaintiffs request.   First, the record lacks sufficient proof
of proper service of summons and complaint upon defendant Conway as
required by the Federal Rules of Civil Procedure, so the Court lacks personal
jurisdiction over Conway and cannot enter judgment against him.   Moreover,
the motion for default judgment itself lacks a sufficient evidentiary basis upon

which to enter judgment for the relief plaintiffs seek.   Finally, although not a subject of plaintiffs' motion for default judgment, defendant Jane Doe has not been served with process in the case, and the time for plaintiffs to effect such service under Federal Rule of Civil Procedure 4(m) has passed.

In view of the present status of this case, I will direct plaintiffs to show proof of proper and timely service upon defendant Conway or, alternatively, to show cause why their claims against Conway should not be dismissed without prejudice for their failure to effect proper service under Federal Rule of Civil Procedure 4(e) within the time prescribed under Rule 4(m).   I will also deny plaintiffs' motion for default judgment but will give them an opportunity to cure the motion's deficiencies.   Finally, I will direct plaintiffs to show cause why their claims against defendant Doe should not be dismissed without prejudice under Rule 4(m) for their failure to timely effect service of process on her.

## I.   Relevant Background

Through retained counsel, Missouri state prisoners Eric Gray and Leland Hughes filed this prisoner civil rights action under 42 U.S.C. § 1983 on May 6, 2026, alleging that while they were cellmates incarcerated at Potosi Correctional Center in May 2023, correctional officers David Rice and Caleb Thompson brought an inmate to their cell and ordered that inmate to enter plaintiffs' cell and assault them, which he did, causing physical and psychological injury to both plaintiffs.   Plaintiffs allege that correctional officer Jane Doe knew of

Rice's and Thompson's plan and remotely opened plaintiffs' cell door to allow the attack to happen.   Plaintiffs allege that correctional officer Justin Conway was Rice's and Thompson's supervisor and that he knew of, approved, and encouraged Rice's and Thompson's actions toward plaintiffs.   In their complaint, plaintiffs bring three claims against defendants Rice, Thompson, Doe, and Conway in their individual capacities:   I) Eighth Amendment Deliberate Indifference, for defendants' failure to protect and deliberate indifference to substantial risk of serious harm; II) Supplemental Missouri State Law Claim for Battery; and III) Supplemental Missouri State Law Claim for Aiding and Abetting Battery.

Waivers of service of summons were issued to all defendants, and plaintiffs directed them to the Missouri Attorney General's Office.   None of the waivers were executed or returned.   On June 18, 2025, plaintiffs requested that summons issue for service on defendants Rice and Conway, and summons were issued June 20.   Plaintiffs did not request summons, nor were summons issued, for service upon defendants Thompson or Doe.

Rice was served with summons and complaint under Federal Rule of Civil Procedure 4(e)(2)(B) on June 29, 2025, as demonstrated by the affidavit of the process server.   As to defendant Conway, plaintiffs' attorney James Wyrsch attests that email exchanges show that an attorney with the Missouri Department of Corrections' (MDOC's) Office of General Counsel agreed to accept service

for Conway, and that Wyrsch served summons and complaint upon that attorney via email on July 10.   As to defendant Thompson, Wyrsch informed the Court that he was deceased, and the Court dismissed plaintiffs' claims against him on August 27 for plaintiffs' failure to effect service on him.   The status of service upon defendant Doe is unknown.

Neither defendant Rice nor Conway has answered plaintiffs' complaint, nor have they or counsel entered an appearance in the case.   The Clerk of Court entered default against them on September 22, 2025.   On January 12, 2026, plaintiffs filed their motion for default judgment against Rice and Conway. Each plaintiff filed a declaration in support of the motion.

## II.   Discussion

A.   <u>Service of Process – Justin Conway</u>

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).   "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted), even if the defendant "had actual notice of the lawsuit," *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843).

- 4 -

Service of a complaint is governed by Rule 4 of the Federal Rules of Civil Procedure.   Service on an individual may be achieved by the individual being served personally; by leaving a copy of the summons and complaint at the person's residence with a suitable person who resides there; by delivering the summons and complaint to an agent legally authorized to receive them for such purposes; or by a method approved under state law in the state where the district court is located or where the individual is served.   Fed. R. Civ. P. 4(e).

Here, attorney Wyrsch purports to have served Conway with summons and complaint by emailing them to an attorney with MDOC's Office of General Counsel.   Email, however, is not a proper method of service of summons and complaint on a domestic defendant under either Federal Rule 4(e)(2) or Missouri state law.   *Sapa v. Florence*, No. 4:15CV1787 CDP, 2015 WL 13855055 (E.D. Mo. Dec. 14, 2015); *Joe Hand Promotions, Inc. v. Shepard*, No. 4:12CV1728 SNLJ, 2013 WL 4058745 (E.D. Mo. Aug. 12, 2013).   I am also not convinced that service of summons and complaint on an attorney in MDOC's general counsel's office complies with Rule 4(e)(2)(C), because there is insufficient evidence that that attorney or office is an agent authorized to receive service of process on Conway in his individual capacity.   *See Thelen v. City of Elba*, No. 08-CV-1150 JNE/JJG, 2009 WL 212940, at *4 (D. Minn. Jan. 28, 2009) ("An attorney will not be deemed an appointee for service of a lawsuit on behalf of her client simply by virtue of her role as an attorney.") (citing *Indus. Indem. Co.*

- 5 -

*v. Harms*, 28 F.3d 761, 762 (8th Cir. 1994)).

Based on the information before me, I cannot find that plaintiffs effected proper service of summons and complaint on defendant Conway.   This Court therefore lacks personal jurisdiction over Conway, which precludes my entry of default judgment against him.   *McAlphin v. Morgan*, 216 F.3d 680, 682 (8th Cir. 2000) (district court properly denied default judgment against defendants who were not properly served).

Rule 4(m) directs the Court, after notice to the plaintiff, to dismiss an action against a defendant upon whom service has not been made within 90 days after the filing of the complaint.   The Rule 4(m) period for service of plaintiffs' complaint expired in this matter on August 4, 2025, 90 days after its filing. Nothing before the Court shows that valid service was effected on defendant Conway within the 90-day period prescribed by Rule 4(m), making dismissal of plaintiffs' claims against him appropriate.   I will, however, give plaintiffs a limited time to amend their proof of service to show that Conway was properly served with summons and complaint on or before August 4, 2025.   *See* Fed. R. Civ. P. (*l*)(3) (validity of service; amending proof).   Failure to submit proof of proper and timely service will result in setting aside the default that was entered against Conway and, in the absence of good cause shown, the dismissal of plaintiffs' claims against Conway without prejudice for failure to effect timely service under Rule 4(m).

B.    Service of Process – Jane Doe

A review of the record shows that defendant Jane Doe remains unserved in this case, and the time to effect service under Rule 4(m) has passed.  *See United Pentecostal Church Int'l, Inc. v. Doe*, No. 4:25-CV-00327-MTS, 2025 WL 1663983, at *1 (E.D. Mo. June 12, 2025) (Rule 4(m)'s service period applies to Doe defendants) (listing cases).   I will therefore order plaintiffs to show cause why their claims against Jane Doe should not be dismissed without prejudice for their failure to timely effect service of process on her.

C.    Motion for Default Judgment

In their motion for default judgment, plaintiffs seek entry of judgment against defendants Rice and Conway for compensatory and punitive damages, attorneys' fees, and costs.   Plaintiffs assert that their damages arise from "physical injuries, including significant pain, swelling, and bruising"; and "emotional distress, including ongoing fear and anxiety."   (ECF 25, Sugg. in Support at pp. 3-4.)   In their declarations filed in support of their motion, plaintiffs each restate the facts alleged in their complaint and describe their injuries.   Plaintiff Gray declares that he had jaw pain, swelling, and a black eye after the attack, and that he continues to have pain and anxiety.   Plaintiff Hughes declares that he was knocked unconscious during the attack and feared that his jaw was broken, and that he continues to have migraine headaches and worsening blood pressure.   Neither the motion for default judgment nor the

plaintiffs' declarations specify the amount of damages sought or sustained; nor do they identify an evidentiary basis upon which a damage amount can be determined.

A party entitled to judgment by default is required to prove the amount of damages that should be awarded. *Oberster v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). That party must establish, with reasonable certainty, the basis for an award of damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming district court's decision to not award damages where damages were "speculative and not proven by a fair preponderance of the evidence"). Although a defaulting defendant "is deemed to have admitted all well pleaded allegations in the complaint," *Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1333 n.7 (8th Cir. 1988), the plaintiff must still prove the facts as to the amount of damages to a reasonable degree of certainty. *Id.* at 1333; *Everyday Learning Corp.*, 242 F.3d at 818. A default judgment cannot be entered until the amount of damages has been ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). *See also Strahan v. Fibbs*, No. 1:21-CV-28-SNLJ, 2022 WL 2915564 (E.D. Mo. July 25, 2022).

Plaintiffs have provided no evidence from which an amount of damages can be determined. I will therefore deny their motion for default judgment, but without prejudice to their refiling an appropriate motion that is supported by

relevant affidavits, declarations, or other evidence establishing the amount of damages to which they are entitled on the facts of their complaint.  *See Everyday Learning Corp.*, 242 F.3d at 818 ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved[.]") (citing *Thomson v. Wooster,* 114 U.S. 104, 111 (1885); 10A Wright & Miller, Federal Practice And Procedure § 2688 (3d ed. 1998)).   The parties are advised that I intend to decide the matter on plaintiffs' submissions and defendant(s)' response, if any.   I do not intend to conduct an evidentiary hearing or take oral testimony on any refiled motion.  *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B).").

As set out above, regardless of the form of plaintiffs' motion for default judgment, I presently cannot enter judgment against defendant Conway because personal jurisdiction has not been established over him.   As I am giving plaintiffs some time to amend their proof of service, if any, on Conway, I will give them some time beyond that to refile their motion for default judgment in accordance with my instructions so that they may identify the proper defendant(s) against whom they seek judgment.

Accordingly,

**IT IS HEREBY ORDERED** that **within fourteen (14) days of the date of this Memorandum and Order**, plaintiffs shall file an amended proof of service under Federal Rule of Civil Procedure 4(*l*), showing that defendant Justin Conway was properly served with summons and complaint under Rule 4(e) within the time prescribed by Rule 4(m), that is, not later than August 4, 2025.   In the absence of an amended proof of service that complies with Rule 4(e) and (m), plaintiffs shall show cause why their claims against defendant Justin Conway should not be dismissed without prejudice for failure to effect timely service of process upon him.   Failure to timely comply with this order will result in the dismissal of plaintiffs' claims against defendant Justin Conway without prejudice and without further notice.

**IT IS FURTHER ORDERED** that **within fourteen (14) days of the date of this Memorandum and Order**, plaintiffs shall show cause why their claims against defendant Jane Doe should not be dismissed without prejudice for failure to effect timely service of process upon her.   Failure to timely comply with this order will result in the dismissal of plaintiffs' claims against defendant Jane Doe without prejudice and without further notice.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Default Judgment [24] is **DENIED without prejudice.**   Plaintiffs shall have **thirty (30) days from the date of this Memorandum and Order** to file an appropriate motion for default judgment, supported by all affidavits, documentation, and

other evidence necessary for an assessment of damages, along with an appropriate proposed default judgment for entry by the Court.   Any and all affidavits and declarations must be signed under penalty of perjury, and they and all other relevant materials must be filed with the motion.   Extraneous and irrelevant material will not be considered.

   **IT IS FURTHER ORDERED** that plaintiffs' counsel shall mail a copy of this Memorandum and Order by first-class mail to 1) defendant David Rice at the address at which service of summons and complaint was effected, as listed on the Affidavit of Return of Service (ECF 13); and 2) attorney Matt Briesacher at the Missouri Department of Corrections' Office of General Counsel, with whom plaintiffs' counsel attests he communicated regarding service of process upon defendant Justin Conway.   **Within seven (7) days of the date of this Memorandum and Order**, plaintiffs' counsel shall file with the Court a statement certifying compliance with this directive.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 29th day of January, 2026.


- 11 -